```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MONICA BAEZ o/b/o M.B., an Infant,       :
                                         :
                 Plaintiff,              :
                                         :    08 Civ. 5337 (DLC)
        -v-                              :
                                         :    OPINION & ORDER
MICHAEL J. ASTRUE, Commissioner of       :
Social Security,                         :
                 Defendant.              :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Michael D. Hampden
Partnership for Children's Rights
271 Madison Ave., 17th Fl.
New York, NY 10016

For Defendant:
John E. Gura, Jr.
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

Monica Baez ("Baez") brought this action on behalf of her son Mauricio Baez ("Mauricio"), seeking review of the Commissioner of Social Security Michael J. Astrue's ("Commissioner") denial of Mauricio's application for Supplemental Security Income ("SSI") benefits. Both parties now request that the case be remanded to the Social Security Administration ("SSA"). Baez seeks judgment on the pleadings

and remand solely for the calculation of benefits. Alternatively, she asks for the case be remanded for further administrative proceedings.  The Commissioner also requests remand for further administrative proceedings.  For the following reasons, Baez's motion for judgment on the pleadings and remand for the calculation of benefits is denied; the parties' motions for remand for additional administrative proceedings are granted.

BACKGROUND

The following facts are drawn from the record.  Mauricio was born June 21, 1997.  Between 2002 and 2006, Mauricio was diagnosed with Attention Deficit/Hyperactivity Disorder ("ADHD"), Disruptive Behavior Disorder, Mixed Receptive-Expressive Language Disorder, Oppositional Defiant Disorder, a learning disability, and asthma.  He has received regular medication and psychotherapy for these impairments since 2002, with the exception of one six-month period.

On May 24, 2005, Baez submitted Mauricio's application for SSI benefits.  The SSA considers a child disabled and thus eligible for SSI benefits if: he is not working; he has a medically determinable impairment that is severe; and his impairment meets or equals, medically or functionally, an impairment listed in the SSA's Listing of Impairments Manual

(the "Listing"). 20 C.F.R. § 416.924. A child's impairment functionally equals one in the Listing if he exhibits "marked" limitations in at least two of the six domains of childhood functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i-iv); 20 C.F.R. § 416.926a(d). A limitation is "marked" when functioning in a domain is "seriously limited," or if the limitation is "more than moderate," but "less than extreme." 20 C.F.R. § 416.926a(e)(2).

A physician at the New York State Division of Disability Determinations reviewed Mauricio's application and initially recommended that it be approved because Mauricio suffered "marked" limitations in two domains of functioning: interacting and relating with others, and caring for oneself. The physician noted, however, that there was "conflicting and insufficient evidence," and he requested Mauricio's report card and school disciplinary record. Upon receiving them, the physician found that these additional materials did not support his initial concerns about Mauricio's ability to care for himself. The physician therefore revised his opinion to conclude that Mauricio suffered a "less than marked" limitation in this domain of functioning, and recommended denying Mauricio's SSI

application.  The SSA denied Mauricio's application on August 19, 2005.

At Baez's request, administrative law judge ("ALJ") Robin Arzt held a hearing on this denial on August 28, 2007.  The ALJ heard testimony from both Baez and Mauricio, and admitted into evidence Mauricio's medical and school records, and a report from Mauricio's treating psychiatrist, Dr. Francis Hayden.  Dr. Hayden's report considered Mauricio's abilities in the six domains of childhood functioning.  It found that Mauricio exhibited extreme limitations in attending and completing tasks; marked limitations in acquiring and using information, interacting and relating with others, and caring for oneself; and less than marked limitations in moving about and manipulating objects, and in physical health and well-being.  At the hearing, Baez testified, inter alia, that Mauricio had a short attention span, struggled with schoolwork, was aggressive, played with dangerous objects, stole, punched and choked classmates, kicked a dog, lit his notebook on fire, and tried to light a dog's tail on fire.  After hearing this testimony, the ALJ commented that "this level of behavior is just not reflected in the school record. . . . And the psychiatric records really don't [reflect this level of behavior] either . . . , so I [am] going to have to balance a little bit what I'm hearing right now with what's in this file."  Mauricio's fourth-grade report card

4

from June 2007 indicated that Mauricio was "great" at reading and was at grade level in that subject and in physical education; and he approached grade level in writing, listening and speaking, mathematics, science, and social studies.  His teacher reported that although he "occasionally becomes distracted by others in class," he "worked hard in class," and was a "respectful and kind person" who was "a pleasure to have in class."

The ALJ ruled on November 8, 2007 that although Mauricio suffered from ADHD, mood disorder, academic delays, and asthma, he was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI benefits.  The ALJ did not discuss Mauricio's record in relation to the requirements of the childhood ADHD Listing.[1]  The ALJ instead found that Mauricio

---

[1] The SSI Listing defines ADHD in children as follows:
Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.  The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
    A. Medically documented findings of all three of the following:
        1. Marked inattention; and
        2. Marked impulsiveness; and
        3. Marked hyperactivity; and
    B. . . . [F]or children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02 [(a) Marked impairment in age-appropriate cognitive/communicative function; (b) Marked impairment in age-appropriate social functioning, documented by history and medical findings; (c) Marked impairment in age-appropriate

exhibited "less than marked" limitations in four domains of childhood functioning -- acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for oneself -- and no limitations in the remaining two -- health and physical well-being, and moving about and manipulating objects.  The ALJ noted that her assessment of Mauricio's ability to acquire and use information was based on Mauricio's entire record; and she noted that that record did not corroborate Baez's hearing testimony about the intensity, persistence, and effects of Mauricio's symptoms. Likewise, the ALJ noted that Dr. Hayden's report "grossly overstate[d] the extent of the claimant's symptoms and limits" in attending and completing tasks as compared to the record. The ALJ did not discuss her assessment of Mauricio's abilities to interact and relate with others or to care for himself.  She instead cross-referenced portions of her opinion that discussed Mauricio's abilities to acquire and use information and to attend to and complete tasks.  Consistent with Dr. Hayden's report, the ALJ found no evidence in the record showing that Mauricio suffered marked limitations in health and physical well-being, or in moving about and manipulating objects. Because his impairments did not meet or medically equal the

---

    personal functioning; or (d) Marked difficulties in
    maintaining concentration, persistence, or pace.]
20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.11.

criteria contained within the Listing, the ALJ found that Mauricio was not entitled to SSI benefits.  Baez appealed, and on April 28, 2008 the Appeals Council declined to review the ALJ's decision.

On June 11, 2008, Baez initiated this case to seek review of the Commissioner's final determination.  On February 20, 2009, she filed a motion for judgment on the pleadings and for remand solely for calculation of benefits; alternatively, Baez requests that the case be remanded for further administrative proceedings.  On April 29, the Commissioner filed a cross-motion seeking remand for further administrative proceedings.  These motions became fully submitted on May 18, 2009.

DISCUSSION

In reviewing the decision of the Commissioner, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A case may be remanded pursuant to this regulation if the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations.  Rosa v. Callahan, 168 F.2d 72, 82-83 (2d Cir. 1999).  Given the "essentially non-adversarial nature of a

benefits proceeding," "it is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits."  Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) (citation omitted).  "Where there are gaps in the administrative record," and further findings "would help assure the proper disposition of [the plaintiff's] claim," remand for further development of the evidence is appropriate.  Rosa, 168 F.3d at 82-83 (citation omitted).  Reversal and entry of judgment for the claimant is appropriate only "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."  Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980); see also Rosa, 168 F.3d at 83 (remand solely for calculation of benefits is appropriate where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision").

Under the "treating physician rule," the Commissioner must ordinarily give the treating physician's opinion considerable weight, unless it is contradicted by other substantial evidence in the record.  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (citation omitted).  If an ALJ refuses to give the treating physician's opinion controlling weight, she must

> consider various factors to determine how much weight to give to the opinion.  Among those factors are: (i) the frequency of examination and the

8

> length, nature and extent of the treatment
> relationship; (ii) the evidence in support of the
> treating physician's opinion; (iii) the consistency
> of the opinion with the record as a whole; (iv)
> whether the opinion is from a specialist; and (v)
> other factors brought to the Social Security
> Administration's attention that tend to support or
> contradict the opinion.  The regulations also
> specify that the Commissioner will always give good
> reasons in her notice of determination or decision
> for the weight she gives claimant's treating
> source's opinion.

Id. (citation omitted).  "Failure to provide such good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand."  Burgess v. Astrue, 537 F.3d 117, 130-31 (2d Cir. 2008) (citation omitted).

Baez seeks judgment on the pleadings and remand solely for the calculation of benefits because she claims the record establishes that Mauricio suffers marked limitations in at least two domains of functioning.  Baez relies principally on Dr. Hayden's report, which concludes that Mauricio suffers marked limitations in three domains and extreme limitations in a fourth.  In addition, Baez points to excerpts of Mauricio's earlier psychiatric evaluations that are consistent with Dr. Hayden's report.  Mauricio's school record, however, offers contradictory evidence.  Mauricio's teacher's comments that he was at or near grade-level ability in most of his subjects, that he did not seriously interfere with instruction, and that he was

9

a pleasure to have in class are not consistent with Dr. Hayden's findings. Plaintiff argues that these discrepancies are not significant because the overall thrust of Mauricio's school record supports Dr. Hayden's findings about Mauricio's behavior and short attention span. Nonetheless, the tension between the observations of Mauricio's psychiatrist and those of his teacher counsels against entering judgment for the plaintiff on the current record.

Baez also argues that Mauricio's file shows that Mauricio meets the childhood ADHD Listing requirements, and he is therefore disabled as defined by the SSA. Baez asks the Court to reach this conclusion by "draw[ing] permissible inferences from the diagnosis of ADHD by Mauricio's treating physician throughout the disability period." As with Baez's argument about Mauricio's marked limitations, Baez has failed to show that the issue of Mauricio's ADHD diagnosis would not benefit from additional development of the record through further administrative proceedings. Baez's motion for judgment on the pleadings and remand solely for the calculation of benefits is therefore denied.

Both parties argue that this case should be remanded for further administrative proceedings because the ALJ erred by not fully developing the record in at least three respects. The ALJ failed to analyze the evidence in relation to the childhood ADHD

Listing requirements. The ALJ also failed to analyze the evidence to determine Mauricio's ability in two domains of functioning where Dr. Hayden determined Mauricio suffered marked limitations: interacting and relating with others, and caring for self. Finally, the ALJ did not explain adequately why she refused to give controlling weight to Dr. Hayden's opinion.

CONCLUSION

Baez's motion for judgment on the pleadings and remand solely for the calculation of benefits is denied. Baez's and the Commissioner's motions for remand pursuant to sentence four of 42 U.S.C. § 405(g) are granted. This judgment disposes of the action. See Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         July 20, 2009

_____
DENISE COTE
United States District Judge